# United States District Court

2009 NOV 25 AM 9: 46

SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |

Richard Adam Waters

Case Number: CR601-00013-002

USM Number: 10964-021

James C. Garner
Defendant's Attorney

**THE DEFENDANT:**

[X] admitted guilt to violation of a mandatory condition of the term of supervision.
[ ] was found in violation of condition(s) _ after denial of guilt.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant failed to refrain from unlawful use of a controlled substance (mandatory condition). | September 7, 2009 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s)___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No: XXX-XX-1659

Defendant's Date of Birth: May 30, 1964

November 23, 2009
Date of Imposition of Judgment

Signature of Judge

Defendant's Residence Address:
Federal Bureau of Prisons

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia
Name and Title of Judge

Defendant's Mailing Address:
Federal Bureau of Prisons

11-25-2009
Date

DEFENDANT: Richard Adam Waters
CASE NUMBER: CR601-00013-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>14 months</u>.

[X]    The Court makes the following recommendations to the Bureau of Prisons: The Court recommends designation at a federal facility that is a substantial geographical distance away from the Southern District of Georgia.

[X]    The defendant is remanded to the custody of the United States Marshal.
[ ]    The defendant shall surrender to the United States Marshal for this district,

      [ ] at ____ [ ] a.m. [ ] p.m. on _____.
      [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      [ ] before 2 p.m. on _____.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

                                                               United States Marshal

                                       By _____
                                           Deputy United States Marshal

DEFENDANT: Richard Adam Waters
CASE NUMBER: CR601-00013-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** |  |  | $6,394.25 |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Department of Justice<br>Drug Enforcement Administration<br>Attn: SFH<br>Washington, DC 20537 |  | $6,394.25 |  |

RE:   Case Number       G9-02-S001
      Appropriation Number   G22002-0301
      Seizure Date        October 29, 2001
      Location            Brooklet, GA

    **Totals:**                                                       $6,394.25

[ ]     Restitution amount ordered pursuant to plea agreement     $ _____

[X]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

        [ ]     The interest requirement is waived for the     [ ] fine     [ ] restitution.
        [ ]     The interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Richard Adam Waters
CASE NUMBER: CR601-00013-002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ]  Lump sum payment of $ ___ due immediately, balance due

   [ ] not later than ___ ; or
   [ ] in accordance with   [ ] C, [ ] D, [ ] E, or [ ] F below; or

B [X]  Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ]  Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]  Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $__ over a period of ___ (e.g., months or years), to commence __(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]  Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

      Charles Lee Godley    CR601-00013-001    $6,394.25

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Richard Adam Waters
CASE NUMBER: CR601-00013-002

## COURT'S FINDINGS

The defendant, Richard Adam Waters, appeared before the Court, represented by counsel, and stipulated to the violation outlined in the petition. The Court takes judicial note that this is the second time that Waters has appeared before the Court for a supervised release revocation hearing. The Court treated the defendant with leniency at the first hearing by imposing a four-month custodial sentence, to be followed by a thirty-month term of reimposed supervised release.

The Court notes that on March 5, 2009, the probation officer asked the defendant if he desired alcohol and/or substance abuse treatment, which would have been provided to the defendant at no cost. Waters declined the offer and advised he was considering enrolling in an AA program on his own. The defendant was sternly warned of the consequences of illegal drug use.

Despite the warnings, only six months lapsed from Waters' release from custody before Waters reverted to the use of the illicit substance of methamphetamine. While the defendant has established a strong work ethic and has reestablished family ties, his recent action of reverting to the use of methamphetamine demonstrates the defendant cannot control himself from the use of this drug.

The Court, after considering the Chapter Seven Policy statements, revokes the defendant's term of supervised release, and sentences the defendant to a term of imprisonment of fourteen months in the custody of the United States Bureau of Prisons. The $6,394.25 restitution is reimposed and the defendant shall be given credit for any payments previously made. The Court will not reimpose any additional term of supervised release. The Court recommends that Waters serve his period of incarceration at a federal facility that is a substantial distance away from the Southern District of Georgia.